UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80378-Civ-Hurley/Hopkins

JOSE GALVEZ, et al.,

    Plaintiffs,

v.

JOSE CUEVAS and
WESTPORT STUCCO OF FLORIDA, Inc.,

    Defendants.
_____/

### REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTIONS FOR ATTORNEY'S FEES AND COSTS (DE 49, 50)

**THIS MATTER** has come before this Court upon an Order Referring Plaintiffs' Motions for Attorney's Fees and Costs to the undersigned United States Magistrate Judge for a Report and Recommendation. (DE 51). With no response to Plaintiffs' motions having been filed by Defendant Cuevas, and the time for serving such response having elapsed, the matter is now ripe for review.[1] For the reasons that follow, this Court **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Plaintiffs' motions.

### BACKGROUND

In this action brought under the Fair Labor Standards Act (FLSA), the five named Plaintiffs contend that Defendants unlawfully and willfully failed to pay them minimum wage and overtime wages. (DE 1). After negotiations, Plaintiffs entered into a settlement agreement

---

[1] On January 12, 2009, this Court issued an Order to Show Cause to Defendant Cuevas to respond to Plaintiffs' motions within ten days or risk this Court recommending that the District Court grant Plaintiffs' motion by default. (DE 52). To date, no response has been filed.

with Defendant Westport Stucco of Florida, Inc. ("Westport") and on October 6, 2008, the District Court approved the settlement, whereby Westport would pay $2,000.00 to Plaintiffs. The District Court entered an Order of Dismissal as to Westport only. (DE 43). Thereafter, Plaintiffs sought the entry of default and a default judgment against Defendant Cuevas, who never appeared in the action. (DE 45). On December 8, 2008, the District Court entered a default judgment against Defendant Cuevas in the amount of $24,345.00, plus interest. (DE 48). This amount reflected Plaintiffs' recovery of the $2,000.00 settlement from Westport. (DE 45). The District Court retained jurisdiction to entertain Plaintiffs' motion for fees and costs. (DE 48).

On December 17, 2008, Plaintiff filed the instant motions, seeking $34,650.00 in attorney's fees and $828.74 in taxable costs. (DE 49, 50). As noted above, Defendant Cuevas has not responded to Plaintiffs' motions or this Court's Order to Show Cause.

## DISCUSSION

**I.  Defendant's Failure to Respond to Plaintiffs' Motions**

Because Defendant Cuevas failed to respond to Plaintiffs' motions within the allotted time, Plaintiffs are entitled to have their motions granted by default alone. *See* S.D. Fla. L.R. 7.1.C (April 2007) (providing that the failure to file an opposing memorandum of law within the permitted time "may be deemed sufficient cause for granting the motion by default.") *See Lopez v. Ingram Micro, Inc.*, 1997 WL 605780, *2 (S.D. Fla. Aug. 27, 1997) (granting defendant's motion for attorney's fees by default for failure to respond within the time allotted by the Federal and Local Rules, despite being ordered to do so).

However, courts are not permitted to be generous with the money of others. *See American Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). As the Eleventh Circuit has noted, it is as much the court's duty to avoid awarding excessive fees and expenses as it is to see that an adequate fee is awarded. *See Barnes*, 168 F.3d at 428. Accordingly, this Court will address the merits of the instant motions.

**II.  Plaintiffs' Motion for Attorney's Fees**

Plaintiffs seek to recover a total of $34,650.00 in attorney's fees. Plaintiffs rely on the billing records of their attorney, Paul Bennett Sopp, Esq., who performed all the work in this case. (DE 49, Exhibit A). In support of the fees sought, Plaintiffs have submitted an expert affidavit of Mr. Leonel R. Plasencia, Esq. ("Plasencia"). (DE 49).

It is well settled that the FLSA requires courts to award costs and reasonable attorney's fees to a prevailing plaintiff. *See* 29 U.S.C. §216(b). In addition, the entry of a default judgment against a defendant renders a plaintiff the prevailing party. *See Simon v. Leaderscape, LLC,* 565 F. Supp. 2d 1332, 1334 (S.D. Fla. 2008)(where a default judgment was entered against all defendants in FLSA action, court deemed plaintiff to be the prevailing party entitled to attorney's fees and costs). Thus, Plaintiffs are entitled to recover their reasonable attorney's fees and costs from the defaulting Defendant Cuevas.

That Plaintiffs have already settled with Defendant Westport is of no consequence. Under the FLSA, employers are jointly and severally liable. *See Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)("[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the

corporation, jointly and severally liable under the FLSA"). Thus, by defaulting, Defendant Cuevas admits that he had such control over the terms of Plaintiffs' employment as to incur liability as an employer and to be jointly and severally liable for the unpaid wages, liquidated damages and attorney's fees. *See Trujillo v. Superior Hotels, Inc.*, 2007 WL 2114288, *3 (M.D. Fla. July 20, 2007)(defaulting corporate officer was jointly and severally liable with corporate defendant for unpaid wages and attorney's fees under FLSA); *Fields v. Luther*, 1988 WL 121791, *4, n.10 (D. Md. July 12, 1988)(where damages under the FLSA were awarded against defendants jointly and severally, "it is appropriate that the award of attorney's fees also be joint and several").

The Court need only ensure that Plaintiffs do not collect double damages from the Defendants. In that regard, *Weil v. Vescovi,* 2007 WL 1128967, *2 (M.D. Fla. April 16, 2007) is instructive. In that case, after the plaintiff settled with one defendant in his FLSA action, he obtained a default judgment against the other defendant. In an effort to prevent "duplicative recovery," the plaintiff limited the damages he sought from the defaulting defendant to only the remaining attorney's fees and costs that had not been paid by settling defendant.[2] However, the court noted that if plaintiff had not collected all of his damages from the settling defendant, he would have been entitled to obtain "his entire FLSA recovery, including attorney's fees and costs" from the defaulting defendant. *Id.* Here, Plaintiffs' settlement with Defendant Westport specifically stated Westport would not be responsible for Plaintiffs' attorneys' fees. (DE 39). Since the settlement did not include the recovery of attorney's fees, there is no risk of double

---

[2] In addition to paying most of the plaintiff's attorney's fees and costs, the settling defendant had also paid all of the overtime compensation owed and all of the liquidated damages due to the plaintiff. *See Weil*, 2007 WL 1128967 at *2.

4

recovery in this case.

### A. Calculation of the Attorney's Fee Award

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *Barnes*, 168 F.3d at 427 (*citing Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

As to the type of evidence that the fee claimant should produce in support of a fee claim, in *Barnes*, the Eleventh Circuit stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id*. (*citations omitted*).

168 F.3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301 (*emphasis in original*)).

### B. Hourly Rates for Attorney Sopp

Here, all of the hours for Plaintiffs' legal work were billed by Attorney Paul Bennett Sopp, whose claimed hourly rate is $250.00. *See* Declaration of Paul B. Sopp, Esq. at ¶6 (DE 49). According to Mr. Sopp, he has been practicing law for ten years, with a concentration in the area of employment law. *Id.* at ¶ 6-7. Mr. Sopp has represented many plaintiffs in wage and overtime lawsuits, including collective actions. *Id.* Plaintiffs have submitted the expert affidavit of Mr. Leonel R. Plasencia, Esq., a litigation attorney who has practiced in this area for twenty-one years. Mr. Plasencia states that the hourly rate charged by Mr. Sopp is "well within the prevailing market rate" for this legal services in this area "by lawyers of reasonabl[y] comparable skills, expertise and reputation." *See* Plasencia Declaration at ¶ 7-8 (DE 49).

Having reviewed the qualifications and experience of Mr. Sopp, and noting that Defendant Cuevas has failed to lodge any specific objection to the claimed hourly rate, this Court **RECOMMENDS** that the District Court find Mr. Sopp's claimed hourly rate of $250.00 to be reasonable. *See CC-Aventura, Inc. v. Weitz Co., LLC*, 2008 WL 276057 at *2 (S.D. Fla. Jan. 31, 2008)(court found $200 was reasonable hourly rate for new attorney and $400 was reasonable for senior associate); *DiFrancesco v. Home Furniture Liquidators, Inc.,* 2008 WL 54401, *4 (S.D. Fla. Jan. 2, 2008)(court found $250 to be reasonable hourly rate based on counsel's reputation

and experience in the area of FLSA litigation).

### C.  Number of Hours Reasonably Expended

The party seeking attorney's fees must produce "meticulous, contemporaneous time records that reveal for each lawyer whose fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Simon v. Leaderscape, LLC,* 565 F. Supp. 2d 1332, 1335 (S.D. Fla. 2008).

Here, Plaintiffs' counsel billed a total of 139 hours in this matter.  (DE 49, Exhibit A). Having reviewed the billing records submitted by Plaintiffs, it appears that Mr. Sopp improperly included costs such as postage, copies, fees for court filings, interpreters and process servers in with his attorney's fees.  The Court has deducted these costs from Mr. Sopp's billing records and will address them separately.  With regard to the time spent on this case by Mr. Sopp, this Court concludes that many of the billing entries are not sufficiently delineated and that the hours are excessive and, in some instances, duplicative.

At the outset, the Court finds that Mr. Sopp failed to sufficiently break down the time he spent on this case, in that there are many entries in his billing records where he lumped together time spent on assorted tasks.  When confronted with billing records compiled in this manner, the Court has "no way to determine whether the amount of time expended for each listed service was reasonable" and "cannot determine the amount of duplication."  *Rappaport v. State Farm Lloyds*, 2000 WL 1102463, *2 (N.D. Tex. Aug. 3, 2000)(where attorney did not provide specific breakdown of hours spent on discrete tasks, court reduced fees by twenty percent).  *See also Hashem-Younes v. Danou Enterprises, Inc.*, 2008 WL 786759, *6 (E.D. Mich. March 20, 2008)(in an application for attorney's fees "[e]ach activity should correspond to the date(s)

involved and the number of hours spent on that specific activity").

Moreover, the hours billed are excessive and duplicative. For example, Mr. Sopp billed over eleven hours to meet with his five clients during the initial stages of the case. Additionally, Mr. Sopp spent an excessive amount of time – approximately ten hours – preparing and finalizing a *pro forma* FLSA complaint and Plaintiffs' notice of consent to join the lawsuit. The Court further finds that Mr. Sopp billed an exorbitant amount of time with regard to scheduling deposition dates. Indeed, between July 8, 2008 and August 25, 2008, there are numerous entries indicating that Mr. Sopp spent approximately 5.5 hours simply noticing and scheduling depositions. Likewise, Mr. Sopp spent over thirteen hours responding to discovery demands and nearly as long to prepare a motion for entry of a default judgment against Defendant Cuevas. Based on these and other entries, the Court finds that overall, the time Mr. Sopp claims he spent on this case is too much in light of his experience with FLSA matters. *Dowling v. Kucker Kraus & Bruh, LLP,* 2005 WL 1337442, *7 (S.D.N.Y. June 6, 2005)(court reduced attorney's time in light of his experience in the area).

Mr. Sopp also improperly includes clerical and administrative tasks in his billable hours such as the setting up the file, filing documents, calendaring dates, arranging a court reporter, etc. *See Hershkovitz v. Innovative Const. & Design, Inc.*, 2008 WL 824222, *2 (M.D. Fla. March 25, 2008)(clerical work is "not properly chargeable" as an attorney's fee in FLSA case). Thus, time spent on these activities must be deducted.

Based on the foregoing, this Court **RECOMMENDS** that the District Court reduce Mr. Sopp's time by 45 hours. Under this recommended reduction, the total reimbursable attorney's fees would be for 94 hours at an hourly rate of $250.00 for a total of $23,500.00. (DE 49).

**III. Litigation Expenses and Costs**

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute. *See* Fed. R. Civ. P. 54(d)(1) (2007). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). However, such presumption is not without limits, and courts may only tax costs as authorized by statute. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)(*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). This section provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2007).

Here, Plaintiffs seek to recover $828.74 in costs, which includes the court filing fee, translator fee, photocopies, postage, and service of process. (DE 50). Notably, Plaintiffs have not provided any invoices or supporting documentation to support these costs. Although Plaintiffs' motion states that "invoices or receipts for such costs, to the extent any such

9

statements exist are attached" (DE 50 at pages 5-6), no such documents are attached as required by the Local Rule.  *See* S.D. Fla. L.R. 7.3.C (April 2007)("The bill of costs should attach copies of any documentation showing the amount of costs.").

Notwithstanding Plaintiffs' failure to provide supporting documentation, the Court will award Plaintiffs' costs for the $350.00 filing fee.  In addition, based on Mr. Sopp's declaration, the Court will award the $4.99 sought for postage and also the $18.75 for copying costs because Mr. Sopp affirms that the 125 photocopies for which he seeks reimbursement were "documents relating to service of pleadings and discovery on the parties." *See* Sopp Dec. at ¶ 4a.  *See also Bellows v. NCO Financial Systems, Inc.*, 2009 WL 35468, *8 (S.D. Cal. Jan. 5, 2009)(where attorney's declaration set forth entitlement to postage and copying costs, court awarded them as "reasonable and appropriate").  The Court will also permit Plaintiffs to recover $110.00 in costs for service of process because a prevailing party is entitled to the fees that would have been incurred had the United States Marshal's Office effected the service and according to the entries on Mr. Sopp's billing statement, none of the process servers employed charged Plaintiffs more than the $45.00 rate charged by the Marshal's Office. *See Davis v. Sailormen, Inc.*, 2007 WL 1752465, *2-3 (M.D. Fla. June 15, 2007) (awarding costs for service of subpoenas based on Marshall's rates);  *see also Hargrove v. Thorpe*, 2007 WL 2774208, *2 (M.D. Fla. Sept. 13, 2007)(based on 28 C.F.R. § 0.114, court determined that U.S. Marshal charges $45.00 per hour for personal service).

However, with regard to Plaintiffs' request for reimbursement of $345.00 for "translation services," Plaintiffs provide no evidentiary support or legal basis for such recovery.  The reimbursement for "compensation of interpreters" as mentioned in 28 U.S.C. § 1828 appears

inapplicable to this case. Therefore, the Court finds that Plaintiffs are not entitled to reimbursement for this expense.

Accordingly, this Court **RECOMMENDS** that the District Court award Plaintiffs their litigation costs and expenses, with the exception of translator fees, for a total of $483.74. (DE 50).

### CALCULATION OF TOTAL RECOMMENDED AWARD

This Court calculates the total recommended award as follows:

1. Total Attorney's Fees: 94 hours multiplied by $250.00 per hour = $23,500.00.

2. Total Litigation Expenses and Costs: $483.74.

### NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** this 11 day of March, 2009 at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida
Counsel of Record